IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DWAYNE ALMOND, #238829-A,

                                              ORDER

        Plaintiff,

                                            09-cv-335-bbc

    v.

JAMES E. DOYLE, RICK RAEMISCH,
WILLIAM POLLARD, PETE ERICKSEN,
LT. SWIEKATOWSKI, CAPT. LESATZ,
OFFICER SIEVERT and SGT. HURT,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action under 42 U.S.C. § 1983, plaintiff Dwayne Almond, a prisoner at the Green Bay Correctional Institution in Green Bay, Wisconsin, brought claims alleging that he was denied access to the courts in a previous case and that he was denied medical treatment. Also, he sought leave to proceed in forma pauperis on his claims despite the fact he has struck out under 28 U.S.C. § 1915(g). In a July 22, 2009 order, I denied plaintiff's request for leave to proceed in forma pauperis on his access to the courts claim because the claim did not meet the imminent danger exception of § 1915(g). Further, I concluded that plaintiff's denial of medical care claim violated Fed. R. Civ. P. 8 because his allegations lacked specifics. I gave plaintiff until August 10, 2009 to (1) pay the $350 filing fee if he

wished to proceed with his access to the courts claim and (2) submit an amended complaint that complied with Rule 8 with respect to his denial of medical care claim.

Now plaintiff has submitted two amended complaints as well as a motion to appoint counsel. In his complaints he continues to pursue his access to the courts claim. However, he has not submitted the $350 filing fee necessary for him to pursue a non-imminent danger claim, so I will not consider that claim.

The amended complaints make it clear that in addition to the denial of medical care claim, plaintiff wishes to pursue an excessive force claim against various prison staff members that may qualify under the imminent danger exception. However, I conclude these complaints continue to violate Rule 8 for numerous reasons. First, I cannot consider plaintiff's amended complaints in combination in order to piece together his claims, as it would be unfair to ask defendants to answer two different complaints simultaneously. If I considered the amended complaints separately, I would have to deny them because neither of them provides a "short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8. Both amended complaints are extremely difficult to understand, particularly because plaintiff generally fails to allege specific acts performed by defendants that violated his constitutional rights and place him in imminent danger of serious physical harm. Plaintiff's approach to elaborating on his allegations is to submit numerous exhibits containing medical and inmate complaint records. I cannot consider these exhibits as part of the complaint; doing so would create a complaint too long and prolix to give defendants a fair understanding of the allegations against them.

Moreover, plaintiff would not be able to proceed on the one clear allegation he does make (that "Official Keiler," "Official Thompson" and "Official Flumer" used excessive force by making him kneel in the shower of his cell despite being aware that he had medical conditions making kneeling very painful) because he has not named these prison officials as defendants in the case. Given these problems, I conclude that plaintiff should be given one last chance to amend his complaint to comply with Rule 8. Plaintiff must at least explain what each defendant did to violate his constitutional rights, where and when each defendant did it, how plaintiff was injured and why he is in imminent danger of serious physical harm. It is particularly important that plaintiff identify each defendant involved in individual allegations rather than stating that "staff" violated his rights. He should also make sure to name as a defendant in the caption of the amended complaint each person he believes violated his constitutional rights. He will not be allowed to proceed on claims against people not named as parties. Finally, he does not need to indicate in each paragraph of his complaint that "the facts are undisputed," because for purposes of screening his complaint I will assume that he is telling the truth. I will give plaintiff until October 5, 2009 to submit a new amended complaint. If he fails to submit an amended complaint by October 5, I will direct the clerk of court to close the file.

As for plaintiff's motion to appoint counsel, before a decision on a motion to appoint counsel can be made, the litigant asking for counsel must show that he has made a reasonable effort to find a lawyer on his own. Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992). The court considers that a litigant has made a reasonable effort to find a lawyer if

3

he submits proof that he contacted three different lawyers who declined to take his case. Plaintiff has failed to do this. In addition, it is too early in the proceedings to consider plaintiff's request, as I have not yet even allowed him to proceed on any of his claims. Therefore I will deny plaintiff's motion. Should plaintiff file a new amended complaint by October 5, 2009, he is free to renew his request.

ORDER

IT IS ORDERED that:

1. Plaintiff Dwayne Almond's amended complaints in ths action, dkt. ##5 and 16 are DISMISSED for failure to comply with Fed. R. Civ. P. 8.

2. Plaintiff may have until October 5, 2009 to submit a new amended complaint that complies with Rule 8. If plaintiff fails to submit an amended complaint by October 5, I will direct the clerk of court to close the file.

3. Plaintiff's motion for appointment of counsel, dkt. #10, is DENIED.

Entered this 14th day of September, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge