IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DWAYNE ALMOND, #238829-A,

                              ORDER

        Plaintiff,

                            09-cv-335-bbc

      v.

JAMES E. DOYLE, RICK RAEMISCH,
WILLIAM POLLARD, PETE ERICKSEN,
LT. SWIEKATOWSKI, CAPT. LESATZ,
OFFICER SIEVERT and SGT. HURT,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered September 14, 2009, I dismissed plaintiff Dwayne Almond's amended complaints in this civil action under 42 U.S.C. § 1983 because they failed to comply with Fed. R. Civ. P. 8, and gave him a final chance to submit an amended complaint that complies with Rule 8. Now plaintiff has submitted a new proposed amended complaint, adding as defendants, Richard Heidorn, Jeananna Zwiers, "Official Keiler," "Official Thompson," "Official Flumer" and Lt. Steven, and eliminating defendants Officer Sievert and Sgt. Hurt. Also, plaintiff seeks leave to proceed in forma pauperis, but because he has struck out under 28 U.S.C. § 1915(g), he cannot obtain indigent status under § 1915 unless his complaint alleges facts from which an inference may be drawn that he is in imminent

1

danger of serious physical injury. Finally, he has filed a motion requesting transfer from the Green Bay Correctional Institution. After applying 28 U.S.C. § 1915(g) to plaintiff's claims, I conclude that several of his claims meet the imminent danger requirement while others do not. Therefore, I will give him a chance to choose whether (1) to proceed with his imminent danger claims, at which point those claims will be screened but his other claims will be dismissed without prejudice; or (2) pay the $350 filing fee and have the court screen all of his claims. Also, I will deny plaintiff's motion to be transferred.

In his amended complaint, plaintiff alleges the following facts.

## ALLEGATIONS OF FACT

Plaintiff Dwayne Almond is a prisoner at the Green Bay Correctional Institution. He suffers from back injuries and a groin infection, leaving him in constant pain. He has submitted health service requests regarding these ailments but defendants Doctor Richard Heidorn and Jeananna Zwiers are denying him treatment. Defendants William Swiekatowski, a lieutenant, and Pete Ericksen, the security director, are aware of plaintiff's back injuries but chose to take away plaintiff's clothing, mattress and shoes. Defendant Warden William Pollard is aware of plaintiff's conditions but has allowed staff members to take away plaintiff's clothes, mattress and shoes, and has failed to help him or order staff members to take him to the hospital. Also, Pollard has threatened plaintiff by telling him if he keeps "challenging" prison staff, Pollard "doesn't care what happen[s] to plaintiff." Plaintiff has written to defendants James Doyle and Rick Raemisch but they have not helped

2

him get treatment.

In June and July 2009, defendants "Official Keiler," "Official Thompson" and "Official Flumer" used excessive force by making plaintiff kneel in the shower of his cell despite their awareness that he had medical conditions making kneeling very painful. Also, at some point in the past, defendant Captain Mark Lesatz saw that plaintiff was on the floor of his cell after sustaining a back injury and left him there for three to four days without helping him or alerting medical personnel.

## DISCUSSION

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three or more prior occasions, plaintiff has filed lawsuits or appeals that were dismissed as legally frivolous or because they failed to state a claim upon which relief may be granted. Almond v. State of Wisconsin, 06-C-447-C, decided August 23, 2006; Almond v. State of Wisconsin, 06-C-448-C, decided August 23, 2006; and Almond v. State of Wisconsin, 06-C-449-C, decided August 24, 2006. Thus, he must prepay the filing fee for this lawsuit if he wishes to pursue any claims that do not involve imminent danger of serious physical injury.

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed and the threat or prison condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003); Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). In his new amended complaint in this case, plaintiff is alleging that (1) defendants Heidorn and Zwiers are denying him treatment for his back and groin ailments; (2) defendants Doyle and Raemisch have ignored his requests for treatment; (3) defendants Swiekatowski and Ericksen took away his clothing, mattress and shoes; (4) defendant Pollard allowed staff members to take away plaintiff's clothes, mattress and shoes, failed to help him or order staff members to take him to the hospital, and threatened him; (5) defendants Keiler, Thompson and Flumer used excessive force by making plaintiff kneel in the shower of his cell; and (6) defendant Lesatz failed to assist plaintiff when he discovered him on the floor on his cell after he had sustained a back injury.

I conclude that plaintiff's claims against Heidorn, Zwiers, Doyle and Raemisch meet the imminent danger standard because plaintiff alleges that he suffers from painful back and groin ailments and that these defendants are either denying him treatment or ignoring his requests for treatment. Moreover, although plaintiff's allegations regarding his clothes, mattress and shoes are somewhat difficult to understand, I conclude that his allegations against Swiekatowski, Ericksen and Pollard meet the imminent danger standard because plaintiff appears to allege that his back pain is exacerbated by the removal of his mattress.

Finally, plaintiff's allegations that Pollard has threatened him and failed to help him or order staff members to take him to the hospital appear to relate to his current injuries. These allegations are sufficient to meet the imminent danger standard. Ciarpaglini, 352 F.3d at 331 (it is improper to adopt a "complicated set of rules [to discern] what conditions are serious enough" to constitute "serious physical injury" under § 1915(g)).

However, plaintiff's claims regarding defendants Keiler, Thompson, Flumer and Lesatz do not meet the standard because they involve injuries that occurred in the past. Plaintiff alleges that defendants Keiler, Thompson and Flumer forced him to kneel in the shower between June 24 and July 6, 2009. Further, plaintiff cites case no. 06-cvC-446-bbc in support of his allegation that defendant Lesatz left him on the floor of his cell after he injured his back. The record from that case shows that this incident took place in April 2006. (The case was eventually dismissed without prejudice for plaintiff's failure to exhaust his administrative remedies.) Because these allegations do not involve imminent danger, plaintiff cannot proceed on them without prepaying the $350 filing fee for this case.

It is this court's usual practice to move forward on imminent danger claims as quickly as possible, even before the plaintiff makes his initial partial payment of filing fees. If the complaint states a claim, then the court will set expedited briefing on preliminary injunctive relief. E.g., Norwood v. Strahota, 08-cv-446 (W.D. Wis. Aug. 11, 2008). On the other hand, in cases in which a plaintiff with three strikes brings no claims that allege imminent danger, then the court will give the plaintiff a short time to pay the full $350 filing fee. If he does not pay it, the case will be closed.

This is an unusual case. Plaintiff alleges claims that qualify for the imminent danger exception and others that do not. It would not make sense to proceed quickly on the imminent danger claim while waiting for payment of the filing fee in order to screen his other claims under 28 U.S.C. § 1915A. I will give plaintiff a choice. He can choose to (1) proceed with his imminent danger claims. If he does this, I will screen those claims but dismiss his other claims without prejudice. Otherwise, he may (2) pay the $350 filing fee, in which case I will screen all of his claims. He will have until November 20, 2009, to make the choice. If he does not respond by the deadline, I will assume that he wishes to proceed only on his imminent danger claims. I will dismiss his other claims.

Two final matters. First, plaintiff's amended complaint adds a Lt. Steven to the caption but he does not include any allegations against this defendant in the complaint. Therefore, I will dismiss Lt. Steven from the lawsuit. Second, plaintiff has filed a motion requesting transfer from the Green Bay Correctional Institution. I construe this motion as one for preliminary injunctive relief. I will deny this motion because it fails to comply with this court's procedures for obtaining a preliminary injunction. However, should any of plaintiff's imminent danger claims survive screening, I will give plaintiff another chance to seek injunctive relief. I will attach to this order a copy of the court's procedures for obtaining a preliminary injunction so that plaintiff may prepare for that possibility.

ORDER

IT IS ORDERED that

1. Plaintiff Dwayne Almond's proposed amended complaint, dkt. #19, is ACCEPTED as the operative pleading in this case. The caption is amended to remove defendants Officer Sievert and Sgt. Hurt and add as defendants Richard Heidorn, Jeananna Zwiers, "Official Keiler," "Official Thompson," "Official Flumer" and Lt. Steven.

2. Plaintiff may have until November 20, 2009, to advise the court whether he wishes to (1) proceed with his imminent danger claims, at which point I will screen those claims but dismiss his other claims without prejudice; or (2) pay the $350 filing fee and have the court screen all of his claims. If plaintiff does not respond to this order by November 20, 2009, I will assume that he wishes to proceed only on his imminent danger claims and I will dismiss his other claims. If he decides to pay the $350 filing fee, he may have until November 20, 2009, to submit a check or money order made payable to the clerk of court in the amount of $350.

3. Defendant Lt. Steven is DISMISSED from the lawsuit.

4. Plaintiff's motion to be transferred from the Green Bay Correctional Institution

is DENIED.

Entered this 5th day of November, 2009.

            BY THE COURT:

            /s/

            _____
            BARBARA B. CRABB
            District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PROCEDURE TO BE FOLLOWED ON MOTIONS FOR INJUNCTIVE RELIEF

> *NOTE WELL:* **It is the duty of the parties to present to the court, in the manner required by this procedure, all facts and law necessary to the just, speedy and inexpensive determination of this matter. The court is not obliged to search the record for facts or to research the law when deciding a motion for injunctive relief.**

### I. NOTICE

A. It is the movant's obligation to provide **actual** and **immediate** notice to the opposing party of the filing of the motion and of the date set for a hearing, if any.

B. The movant must serve the opposing party **promptly** with copies of all materials filed.

C. Failure to comply with provisions A and B may result in denial of the motion for this reasons alone.

### II. MOVANT'S OBLIGATIONS

A. It is the movant's obligation to establish the factual basis for a grant of relief.

  1. In establishing the factual basis necessary for a grant of the motion, the movant must file and serve:

      (a) A stipulation of those facts to which the parties agree; or

      (b) A statement of record facts proposed by the movant; or

      (c) A statement of those facts movant intends to prove at an evidentiary hearing; or

      (d) Any combination of (a), (b) and (c).

  2. Whether the movant elects a stipulation or a statement of proposed facts, it is the movant's obligation to present a precisely tailored set of factual propositions that movant considers necessary to a decision in the movant's favor.[1]

---

[1] These factual propositions must include all basic facts necessary to a decision on the motion, including the basis for this court's jurisdiction, the identity of the parties and the background of the parties' dispute. The movant should not include facts unnecessary to deciding the motion for injunctive relief.

9

      (a)      The movant must set forth each factual proposition in its own separately numbered paragraph.

      (b)      In each numbered paragraph the movant shall set cite with precision to the source of that proposition, such as pleadings,[2] affidavits,[3] exhibits, deposition transcripts, or a detailed proffer of testimony that will be presented at an evidentiary hearing.

B.    The movant must file and serve all materials specified in II. A with the movant's supporting brief.

D.    If, the court concludes that the movant's submissions do not comply substantially with these procedures, then the court, at its sole discretion, may deny summarily the motion for injunctive relief, cancel any hearing on the motion, or postpone the hearing.

### III. RESPONDENT'S OBLIGATIONS

A.    When a motion and supporting materials and brief have been filed and served in compliance with Section II, above, the opposing respondent(s) shall file and serve the following:

    1.    Any affidavits or other documentary evidence that the respondent chooses to file and serve in opposition to the motion.

    2.    A response to the movant's statement of proposed findings of fact, with the respondent's paragraph numbers corresponding to the movant's paragraph numbers.

          (a)    With respect to each numbered paragraph of the movant's proposed findings of fact, each respondent shall state clearly whether the proposed finding is not disputed, disputed, or disputed in part. If disputed in part, then the response shall identify precisely which part is disputed.

          (b)    For each paragraph disputed in whole or in part, the response shall cite with precision to the evidentiary

---

[2] The pleadings, however, are not evidence. Therefore, the movant may use the pleadings as a source of facts *only if* all parties to the hearing stipulate to these facts on the record.

[3] Affidavits must be made on personal knowledge setting forth facts that would be admissible in evidence, including any facts necessary to establish admissibility.

>matter in the record or to the testimony to be presented at the hearing that respondent contends will refute this factual proposition.

B. The response, in the form required by III A., above, shall be filed and served together with a brief in opposition to the motion for injunctive relief no later than the date set by the court in a separately issued briefing schedule.

C. There shall be no reply by the movant.

## IV. HEARING

If the court determines that a hearing is necessary to take evidence and hear arguments it shall notify the parties promptly. It is each party's responsibility to ensure the attendance of its witnesses at any hearing.

11/24/2008

3