IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DWAYNE ALMOND, #238829-A,

        OPINION and ORDER

        Plaintiff,

        09-cv-335-bbc

    v.

WILLIAM POLLARD, RICHARD HEIDORN
and JEANANNA ZWIERS,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Dwayne Almond, a prisoner at the Green Bay Correctional Institution, is proceeding in forma pauperis on a claim that defendants Richard Heidorn, Jeananna Zwiers and William Pollard are denying him adequate treatment for his back ailments. In a May 18, 2010 order, I granted defendants' motion for summary judgment for plaintiff's failure to exhaust the other claims he had raised in this action and denied plaintiff's motions for preliminary injunctive relief. Now plaintiff has filed his own motion for summary judgment, which I will not consider because the parties are still briefing the motion. In addition, plaintiff has filed (1) two motions for the release of medical records; (2) a motion for reconsideration of the court's May 18, 2010 order denying his motions for preliminary injunctive relief; (3) a motion challenging defendant Heidorn as an expert witness; (4) a

1

motion requesting a doctor as an expert witness; (5) a fourth motion for appointment of counsel; and (6) a motion for the court to rule on his motions.

I will deny each of these motions except for plaintiff's motion for appointment of counsel. I will stay a ruling on that motion pending the parties' full briefing of plaintiff's motion for summary judgment. Also, I will grant plaintiff an extension of the deadline to file his expert witness disclosures.

OPINION

A. Motions for Release of Medical Records

Plaintiff has filed two motions seeking the release of his medical records. Plaintiff states that he is being denied these records despite his having signed a form authorizing the release of these records. I take this to mean that plaintiff believes that defendants have a duty to provide him free copies of his medical records. However, Fed. R. Civ. P. 34(a)(1)(A) requires only that a party produce documents for inspection and copying. It does not require that copies be provided free of charge to a party. Accordingly, I will deny plaintiff's motions. I note that plaintiff argues that one of the reasons he should be provided these copies is because he has sent the court his previous copies of his medical records. Because the court has scanned these records into the electronic filing system, I will return those documents to plaintiff together with this order.

B. <u>Motion for Reconsideration</u>

Plaintiff has filed a motion for reconsideration of the court's May 18, 2010 order denying his motions for preliminary injunctive relief, but the only argument he provides is support of his motion is that defendants have not provided him copies of his medical records. However, as I discuss above, defendants are not required to provide plaintiff with free copies of his medical records, so this issue is not a reason to reconsider the May 18, 2010 order. Accordingly, I will deny plaintiff's motion.

C. <u>Motions Regarding Expert Witnesses</u>

Plaintiff has filed a motion challenging defendant Heidorn as an expert witness. I will deny this motion is premature, as defendants have not yet submitted their expert witness disclosures under Fed. R. Civ. P. 26. They have until August 30 to do so. Once plaintiff learns who defendants list as expert witnesses, he is free to renew his motion.

Also, plaintiff has filed a motion stating that he is requesting Dr. Herzl R. Spiro to be an expert witness and asking the court to "permit," "grant" and/or "contact" Spiro. It is unclear precisely what plaintiff wants the court to do. To the extent he might be asking the court to appoint Spiro as his expert witness, I cannot do so because the funds to pay for his expert are not available under 28 U.S.C. § 1915 and are not compelled under Fed. R. Evid. 614 or 706(b). Therefore, I will deny his motion.

I note that plaintiff filed this motion on July 15, 2010, in advance of his July 30, 2010 deadline to file expert disclosures under Fed. R. Civ. P. 26(a)(2). From plaintiff's

3

submissions, it appears unlikely that he has complied with this rule. If plaintiff and Spiro have actually agreed to have Spiro present expert testimony, plaintiff does not need the court's permission. Rather, he must comply with Rule 26(a)(2) by providing a written expert report to defendants. I will extend his time for doing so to August 30, 2010.

### D. Motion for Appointment of Counsel

Plaintiff has filed his fourth motion for appointment of counsel. As I stated in the May 18, 2010 order denying his motions for preliminary injunctive relief:

> The hallmark of plaintiff's efforts thus far is his failure to present specific evidence indicating the extent of defendants' treatment efforts (or lack thereof). This is a relatively simple task for which plaintiff did not require counsel's assistance. . . . With so little "meat on the bones" of plaintiff's case at present, it is not clear that this case is too complex for plaintiff to prosecute. At the summary judgment stage, the more developed record may point to counsel being necessary.

The parties are in the process of briefing plaintiff's motion for summary judgment. I will stay a ruling on plaintiff's motion for appointment of counsel until the parties have completed briefing on the summary judgment motion.

### ORDER

IT IS ORDERED that

1. Plaintiff Dwayne Almond's motions seeking the release of his medical records, dkt. ## 72, 83, are DENIED.

2. Plaintiff's motion for reconsideration of the court's May 18, 2010 order denying

his motions for preliminary injunctive relief, dkt. #72, is DENIED.

3. Plaintiff's motion challenging defendant Richard Heidorn as an expert witness, dkt. #81, is DENIED as premature.

4. Plaintiff's motion requesting that the court appoint Dr. Herzl R. Spiro as an expert, dkt. #81, is DENIED.

5. Plaintiff's deadline for submitting his expert disclosures is extended to August 30, 2010.

6. A ruling on plaintiff's fourth motion for appointment of counsel, dkt. #71, is STAYED pending the parties fully briefing plaintiff's motion for summary judgment.

7. Plaintiff's motion for the court to rule on his motions, dkt. #74, is DENIED as unnecessary.

Entered this 9th day of August, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge