IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DWAYNE ALMOND, #238829-A,

                      Plaintiff,

       v.

WILLIAM POLLARD, RICHARD HEIDORN
and JEANANNA ZWIERS,

                      Defendants.

OPINION and ORDER

09-cv-335-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Dwayne Almond, a prisoner at the Green Bay Correctional Institution, is proceeding in forma pauperis on a claim that defendants Richard Heidorn, Jeananna Zwiers and William Pollard are denying him adequate treatment for his back ailments. Plaintiff has filed a motion for summary judgment, which the parties have completed briefing. Also, plaintiff has filed a fourth motion for appointment of counsel. I stayed a ruling on this motion pending the parties' completed briefing of the summary judgment motion. After considering the parties' submissions, I will deny both of plaintiff's motions.

MOTION FOR SUMMARY JUDGMENT

      For the sole purpose of deciding plaintiff's motion for summary judgment, I find from the parties' submissions that the following facts are undisputed, unless otherwise noted.

1

A. Undisputed Facts

Plaintiff had a February 19, 2010 appointment with defendant Dr. Heidorn, who reviewed plaintiff's medical records and then examined him. Heidorn noted nothing to support plaintiff's complaints of "swelling in his whole body or abdominal tenderness" but did find "questionable low back pain," so he ordered X-rays and blood tests and stated that he would follow up with plaintiff in two to three weeks. Plaintiff underwent these tests on February 25, 2010. The X-ray results indicated that "there is a minimal amount of air in the small bowel" (called a "small bowel ileus") but there were no problems noted with his spine; the report's conclusion stated "NORMAL LUMBAR SPINE." Also, plaintiff has highlighted the results of his blood tests to show where several of them vary from what appears to be the normal range listed in the results. Plaintiff has requested medical treatment several times following these tests, but he has not received further treatment. (Defendants argue that plaintiff fails to provide evidence supporting the proposed fact that he has not received further treatment, but plaintiff avers under penalty of perjury that this is the case).

B. Discussion

To succeed on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Under the Eighth Amendment, a prison official may violate a prisoner's right to

medical care if the official is "deliberately indifferent" to a "serious medical need." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006). A medical need may be serious if it "significantly affects an individual's daily activities," Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998), if it causes pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir. 1996), or if it otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825 (1994).

"Deliberate indifference" means that prison officials know of and disregard an excessive risk to inmate health and safety. Farmer, 511 U.S. at 837. Inadvertent error, negligence, gross negligence and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996); Snipes v. DeTella, 95 F.3d 586, 590-91 (7th Cir. 1996). Thus, disagreement with a doctor's medical judgment, incorrect diagnosis or improper treatment resulting from negligence is insufficient to state an Eighth Amendment claim. Gutierrez v. Peters, 111 F.3d 1364, 1374 (7th Cir. 1997); Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 261 (7th Cir. 1996). Instead, "deliberate indifference may be inferred [from] a medical professional's erroneous treatment decision only when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." Estate of Cole, 94 F.3d at 261-62.

Plaintiff has moved for summary judgment on his claim that defendants Heidorn, Zwiers and Pollard acted with deliberate indifference to plaintiff's back injuries by failing to treat these ailments. However, his summary judgment materials fall far short of showing that he is entitled to judgment as a matter of law. This is not the first opportunity plaintiff has had to submit materials supporting his case. Plaintiff previously filed two motions for injunctive relief, along with supporting materials such as health service requests and other medical records. On May 17, 2010, I issued an order, dkt. #69, denying plaintiff's motions for injunctive relief, stating in part:

> First, even assuming that plaintiff's back injuries constitute a serious medical need, he provides very little detail regarding the history of his back pain and defendants' responses. In particular, he provides very little information regarding defendants Heidorn's, Zwiers's and Pollard's individual roles in denying him medical treatment. Instead, he makes conclusory statements that defendants were aware of plaintiff's back problems and they ignored them.
> Even assuming that defendants have been involved in plaintiff's medical treatment over the past few years, plaintiff's bigger problem is that the facts he proposes do not show that there a likelihood of success on his Eighth Amendment claims. The contours of his claim appear to be undisputed. Medical and inmate complaint records show that over the past few years, plaintiff has made numerous medical requests regarding back pain. Plaintiff has been seen by medical staff and been given ibuprofen and ice packs. The real dispute here is that plaintiff believes that he should be receiving more expansive treatment. At this point, plaintiff's allegations show that he disagrees with defendants' treatment decisions, not that they have disregarded his medical needs. There is nothing in the record, such as expert testimony, indicating that defendants' treatment decisions constituted "a substantial departure from accepted professional judgment." Therefore, I conclude that plaintiff has failed to show some likelihood of success on the merits of his claims . . . .

In support of his motion for summary judgment, plaintiff provides an even less detailed

4

account of his medical history. He focuses solely on his February 19, 2010 appointment with defendant Heidorn, subsequent tests and his requests for treatment following receipt of the test results. Consequently, he has failed to produce any facts whatsoever supporting his original claim, which is that defendants failed to treat plaintiff for his back injures for several years prior to the September 28, 2009 filing of his amended complaint.

As for plaintiff's claim that defendants are being deliberately indifferent to his medical needs following his February 2010 tests, he has submitted virtually identical evidence to that submitted in support of his second motion for injunctive relief. In the court's May 17, 2010 order denying this motion, I stated the following:

> This motion must be denied for two reasons. First, . . . plaintiff has exhausted only his claims regarding his back injuries, and he fails to explain how an infection or small bowel ileus relates to his back injuries (I note that tests on his spine showed no injuries). Second, plaintiff provides no evidence suggesting that defendant Heidorn is disregarding these problems. It was Dr. Heidorn who treated plaintiff by examining him and referring him for further tests. Heidorn averred in his February 23, 2010 affidavit that he would follow up with plaintiff after his X-rays and blood tests. Plaintiff filed his motion on March 4, 2010, but he does not include any information regarding Heidorn's response to these results. The record is completely silent as to how Heidorn followed up. It is plaintiff's burden to provide this information.

Plaintiff has provided additional information showing that he has not received further treatment for the "small bowel ileus," but that alone is not reason to grant summary judgment in his favor. Plaintiff continues to fail to show that this condition, "a minimal amount of air in the small bowel," can be considered a serious medical need. It is clear that plaintiff *assumes* that the ileus must be related to his back pain, but there is nothing in the record indicating that to be the case. Likewise, plaintiff points to his blood test results, some

of which vary from what appears to be the normal listed range, as a sure sign that he suffers from infections, but there is no evidence suggesting what these results mean, whether they could constitute a serious medical need or how they could possibly be related to his back pain.

Finally, plaintiff argues that the medical report's conclusion of "NORMAL LUMBAR SPINE" is evidence of a serious medical need. He argues that "lumbar means something is [bent] or crooked or out of shape in other words there's nothing normal" about his condition. Plaintiff is mistaken; "lumbar" means "relating to the lower part of the back." New Oxford American Dictionary 1008 (2d ed. 2005).

Because plaintiff has failed to adduce undisputed evidence showing that he is entitled to judgment on his Eighth Amendment claims, I will deny his motion for summary judgment.

MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed his fourth motion for appointment of counsel. I previously stayed a decision on this motion until the parties completed briefing on the summary judgment motion. As I stated in the May 17, 2010 order denying plaintiff's motions for preliminary injunctive relief:

> The hallmark of plaintiff's efforts thus far is his failure to present specific evidence indicating the extent of defendants' treatment efforts (or lack thereof). This is a relatively simple task for which plaintiff did not require counsel's assistance. . . . With so little "meat on the bones" of plaintiff's case at present, it is not clear that this case is too complex for plaintiff to prosecute. At the summary judgment stage, the more developed record may point to counsel being necessary.

Now, even after resolution of plaintiff's motion for summary judgment, it is difficult to gauge the complexity of this case because the court has still not received a more exhaustive history of plaintiff's medical treatment. I will deny plaintiff's motion at present, but note that the time is approaching for defendants to either file their own motion for summary judgment or have the case proceed to trial; the dispositive motions deadline is September 13, 2010. Plaintiff is free to renew his motion once this deadline passes.

ORDER

IT IS ORDERED that

1. Plaintiff Dwayne Almond's motion for summary judgment, dkt. #76, is DENIED.

2. Plaintiff's fourth motion for appointment of counsel, dkt. #71, is DENIED without prejudice.

Entered this 7th day of September, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge