IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DWAYNE ALMOND, #238829-A,

                                                                                           OPINION and ORDER

           Plaintiff,

                                                                                          09-cv-335-bbc

      v.

WILLIAM POLLARD, RICHARD HEIDORN
and JEANANNA ZWIERS,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Dwayne Almond, a prisoner at the Green Bay Correctional Institution, is proceeding in forma pauperis on a claim that defendants Richard Heidorn, Jeananna Zwiers and William Pollard are denying him adequate treatment for his back ailments. In a September 7, 2010 order, I denied plaintiff's motions for appointment of counsel and for summary judgment. Now plaintiff has submitted a motion for reconsideration of that order as well as a motion asking for a subpoena of Amjad Safvi, the doctor who interpreted his February 25, 2010 test results. Defendants have filed their own motion for summary judgment. After considering the parties' summary judgment submissions, I will stay a ruling on defendants' motion and direct the parties to submit supplemental materials. In addition, I will deny plaintiff's motions for reconsideration and for a subpoena for Safvi.

1

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants have filed a motion for summary judgment and both sides have submitted supporting materials. These materials include a history of plaintiff's appointments with defendant Heidorn and other medical staff at the Green Bay prison, and show that plaintiff was seen on many occasions in response to his complaints of back pain and swelling. In addition, plaintiff had several rounds of X-rays or other tests, none of which showed any identifiable problem. Generally, these undisputed facts might be enough to support the granting of defendants' motion for summary judgment because they tend to indicate that defendants were not deliberately indifferent to plaintiff's serious medical needs. However, plaintiff states in an affidavit that "the last time Plaintiff was given "ice or ibuprofen," for chronic burning pains in his lower back . . . [was] May 13, 2008." Dkt. #110. The statement raises the question whether defendants gave plaintiff appropriate treatment for his complaints of pain notwithstanding the results of his tests; defendants have not provided any evidence suggesting that plaintiff received pain medication, ice or other treatment for his pain after May 13, 2008, or any explanation for why this is so, such as a diagnosis of malingering.

It is not surprising that defendants failed to respond to this statement because plaintiff did not include the statement in his proposed findings of fact or his response to defendants' proposed findings, as required by this court's procedures to be followed on summary judgment, which plaintiff has already received. Nonetheless, plaintiff's statement cannot be overlooked, particularly because plaintiff is proceeding pro se in this action.

Accordingly, I will give defendants a chance to file supplemental proposed findings of fact addressing this issue, as well as a supplemental brief if they so choose. Defendants will have until November 16, 2010 to do so.

Also, I will give plaintiff a chance to respond to defendants' supplemental filings and file a brief. Plaintiff will have until November 30, 2010 to file responsive materials. However, in doing so, plaintiff should treat his supplemental filing as a response to defendants' proposed findings of fact. This means that he should list each proposed finding set out by defendant and state whether he disputes the fact. If he does, he should say which evidentiary materials support his view of the facts.

In addition, I note that plaintiff has taken significant effort to include long quotes from the previous orders in this case in each of his filings. He should not include such quotes in his supplemental materials; all he needs to do is respond directly to the findings proposed by defendants.

Finally, this case is limited to plaintiff's back problems and related treatment. Plaintiff should not waste space discussing "groin infections" or any other ailment unrelated to his back problems.

MOTION FOR RECONSIDERATION

Plaintiff has filed a motion for reconsideration of the September 7, 2010 order denying his motions for summary judgment and for appointment of counsel. Regarding the denial of plaintiff's motion for appointment of counsel, I stated in the September 7 order

3

that "it is difficult to gauge the complexity of this case because the court has still not received a more exhaustive history of plaintiff's medical treatment." Now, after receiving a more detailed treatment history, I am still not convinced that appointment of counsel is necessary. Therefore I will deny plaintiff's motion regarding this ruling. As outlined above, plaintiff's next task is to respond to defendants' supplemental filings concerning plaintiff's treatment for back pain after May 13, 2008. This is a task that plaintiff is capable of performing. He knows what treatment he received and has access to his medical records, so he should be able to provide this information to the court.

As for plaintiff's motion for summary judgment, that motion was denied because plaintiff fell far short of providing enough evidence to show that he was entitled to judgment as a matter of law on his claims. In his motion for reconsideration plaintiff asserts that the evidence shows otherwise, but he provides no persuasive argument that this is so. Accordingly, I will deny plaintiff's motion for reconsideration of this ruling.

Finally, I note that plaintiff asks the court to order the attorney general to file criminal charges for attempted murder against defendants for their treatment of plaintiff. This court has no authority to launch investigations into criminal wrongdoing or to ask law enforcement to initiate criminal proceedings. If plaintiff believes that defendants have been involved in criminal wrongdoing, he should write the authorities directly.

MOTION FOR SUBPOENA

Plaintiff has filed a motion to subpoena Amjad Safvi, the doctor who interpreted

plaintiff's February 25, 2010 X-rays (concluding that his lumbar spine was normal but that he had a "minimal amount of air in the small bowel"). I will deny plaintiff's motion without prejudice. First, it is unlikely that this court is the proper court from which to seek a subpoena for Safvi. Under Fed. R. Civ. P. 45(a)(2)(B), a subpoena for attendance at a deposition must be issued by the court for the district in which the deposition is being held. A deposition would probably have to take place at the Green Bay Correctional Institution, meaning that the District Court for the Eastern District of Wisconsin is the proper court to ask.

Even if this were the proper court, plaintiff seems to be under the impression that the court might pay for a deposition of Safvi. If so, he is mistaken. The court is not authorized by law to pay for room rentals, court reporter costs, witness fees, mileage expenses or service fees in civil cases, even when the litigant is an indigent pro se prisoner. Before issuing a subpoena form, plaintiff would have to provide an affidavit indicating that Safvi refuses to testify voluntarily and that plaintiff is able to pay the daily witness fee ($40) and Safvi's mileage to travel to the deposition ($0.50 per mile).

ORDER

IT IS ORDERED that

1. A ruling on defendants' motion for summary judgment, dkt. #97, is STAYED pending supplemental briefing. Defendants will have until November 16, 2010 to file supplemental materials in support of their motion for summary judgment as outlined in the

opinion above.  Plaintiff will have until November 30, 2010 to file responsive materials.

2.  Plaintiff's motion for reconsideration of the court's September 7, 2010 order denying his motions for appointment of counsel and summary judgment, dkt. #103, is DENIED.

3.  Plaintiff's motion to subpoena Dr. Amjad Safvi, dkt. #95, is DENIED.

Entered this 2d day of November, 2010.

                                  BY THE COURT:
                                  /s/
                                  BARBARA B. CRABB
                                  District Judge