IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DWAYNE ALMOND, #238829-A,

                                                         ORDER

          Plaintiff,

                                                         09-cv-335-bbc

    v.

WILLIAM POLLARD, RICHARD HEIDORN
and JEANANNA ZWIERS,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Dwayne Almond, a prisoner at the Green Bay Correctional Institution, is proceeding in forma pauperis on a claim that defendants Richard Heidorn, Jeananna Zwiers and William Pollard are denying him adequate treatment for his back ailments. In a November 2, 2010 order, I stayed a ruling on defendants' motion for summary judgment in order to give the parties time to submit supplemental briefing on whether defendants gave plaintiff appropriate treatment for his complaints of pain. I stated as follows:

> [The summary judgment materials] include a history of plaintiff's appointments with defendant Heidorn and other medical staff at the Green Bay prison, and show that plaintiff was seen on many occasions in response to his complaints of back pain and swelling. In addition, plaintiff had several rounds of X-rays or other tests, none of which showed any identifiable problem. Generally, these undisputed facts might be enough to support the granting of defendants' motion for summary judgment because they tend to indicate that defendants were not deliberately indifferent to plaintiff's serious medical needs. However, plaintiff states in an affidavit that "the last time

1

> Plaintiff was given "ice or ibuprofen," for chronic burning pains in his lower back . . . [was] May 13, 2008." Dkt. #110. The statement raises the question whether defendants gave plaintiff appropriate treatment for his complaints of pain notwithstanding the results of his tests; defendants have not provided any evidence suggesting that plaintiff received pain medication, ice or other treatment for his pain after May 13, 2008, or any explanation for why this is so, such as a diagnosis of malingering.

Both defendants and plaintiff have filed supplemental materials. Unfortunately, the submissions do not clear up the question whether defendants were deliberately indifferent to plaintiff's complaints of pain.

Defendants' submissions provide an explanation of prison procedures for dispensation of over-the-counter pain medications: if an inmate is in segregation, these medications are available five times daily at the inmate's request. If an inmate is in general population, the medications may be purchased through the canteen. Although the timeline is unclear, it is undisputed that plaintiff has been in and out of segregation over the last several years.

These procedures are useful to gain an understanding of how medications may have been available to plaintiff, but defendants do not explain how they correspond with the actual treatment of plaintiff's pain, if they do. It is undisputed that at some point, plaintiff had a prescription for extra-strength ibuprofen. Neither side explains when (or whether) this prescription ran out and whether defendants or other medical staff at the prison made a determination that the prescription was no longer necessary or that over-the-counter pain medication was appropriate for plaintiff's pain.

Defendants then cite cases suggesting that the availability of over-the-counter medications precludes a deliberative indifference claim against prison officials. Quackenbush

v. County of Santa Barbara, 175 Fed. Appx. 801, 803 (9th Cir. 2006) (failure to renew expired prescription for ibuprofin not deliberate indifference where plaintiff was able to obtain ibuprofin from the prison commissary); Sallee v. Indiana, No. 3-06-CV-020-AS, 2006 WL 287162 at *3 (N.D. Ind. Feb. 3, 2006) (no deliberate indifference for denial of treatment for tooth pain where plaintiff purchased pain medications on 78 different occasions); Slusher v. Suthers, No. 01-CV-02299-PSF, 2006 WL 2846452 at *9 (D. Colo. Sept. 29, 2006) (no deliberative indifference where defendants were aware that over-the-counter medications could be procured by plaintiff).

Given the sparse record, at this point I cannot grant summary judgment to defendants.  Even assuming that defendants made a medical judgment that over-the-counter medications were appropriate for plaintiff instead of prescription-strength ibuprofen, plaintiff avers that he did not have the funds to purchase this medication.  Trust account information sent by plaintiff seems to corroborate this statement.  Defendants do not explain whether the prison will dispense over-the-counter medications to inmates who cannot pay for it.  This leaves the possibility that plaintiff was left without pain medications  once his prescription for extra-strength ibuprofen lapsed.

Because it is unclear whether there are any disputed facts regarding these issues, I conclude it is appropriate to ask for a final set of supplemental materials from the parties before ruling on defendants' motion for summary judgment.  In responding, the parties should answer these questions:

- When did plaintiff's prescription for extra-strength ibuprofen run out?

• Did medical staff conclude over-the-counter medication was appropriate for plaintiff's pain?

• What are the prison procedures for providing medication to prisoners who are indigent?

•When and to whom did plaintiff complain about a lack of pain medication or his inability to pay for it; if he did?

ORDER

IT IS ORDERED that defendants will have until February 11, 2011 to file supplemental materials in support of their motion for summary judgment as outlined in the opinion above. Plaintiff will have until February 18, 2011 to file responsive materials.

Entered this 31st day of January, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge