IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DWAYNE ALMOND, #238829-A,

                                                 ORDER

            Plaintiff,

                                                 09-cv-335-bbc

     v.

WILLIAM POLLARD, RICHARD HEIDORN
and JEANANNA ZWIERS,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In a March 1, 2011 order, I granted a motion for summary judgment filed by defendants Richard Heidorn, Jeananna Zwiers and William Pollard on plaintiff Dwayne Almond's claims that defendants are denying him adequate treatment for his back ailments. Judgment was entered on March 7, 2011. Now plaintiff has filed a notice of appeal along with a request to proceed in forma pauperis on appeal.

Plaintiff's request for leave to proceed in forma pauperis on appeal is governed by the 1996 Prison Litigation Reform Act. This means that this court must determine first whether plaintiff's request must be denied either because he has three strikes against him under 28 U.S.C. § 1915(g) or because the appeal is not taken in good faith. I do not intend to certify that his appeal is not taken in good faith. Also, although plaintiff has struck out under 28 U.S.C. § 1915(g), this provision allows a prisoner to proceed in forma pauperis on appeal if

1

he "is under imminent danger of serious physical injury." Because plaintiff continues to allege that he is imminent danger of serious physical injury because of the lack of medical treatment, I conclude that he is not barred by his three-strike status.

The only other hurdle to plaintiff's proceeding with his appeal in forma pauperis is the requirement that he make an initial partial payment of the filing fee that has been calculated from a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. 28 U.S.C. § 1915(a)(2). I calculate this initial partial payment to be $1.43.

If plaintiff does not have the money to make the initial partial appeal payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. The only amount plaintiff must pay at this time is the $1.43 initial partial appeal payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to make sure they are aware they should send plaintiff's initial partial appeal payment to this court.

ORDER

IT IS ORDERED that plaintiff Dwayne Almond's request for leave to proceed in forma pauperis on appeal is GRANTED. Plaintiff may have until May 6, 2011, in which to submit a check or money order made payable to the clerk of court in the amount of $1.43.

If, by May 6, 2011, plaintiff fails to pay the initial partial payment or explain his failure to do so, then I will advise the court of appeals of his noncompliance in paying the assessment so that it may take whatever steps it deems appropriate with respect to this appeal.

Further, the clerk of court is requested to insure that the court's financial records reflect plaintiff's obligation to pay the $1.43 initial partial payment and the remainder of the $455 fee in monthly installments.

Entered this 15th day of April, 2011.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge